MORGAN, LEWIS & BOCKIUS LLP
Christopher J. Banks, Bar No. 218779
Karen Y. Cho, Bar No. 274810
Maureen N. Beckley, Bar No. 316754
One Market
Spear Street Tower
San Francisco, California 94105-1596
Telephone: +1.415.442.1000
Facsimile: +1.415.442.1001
christopher.banks@morganlewis.com
karen.cho@morganlewis.com
maureen.beckley@morganlewis.com

Jacqueline Cookerly Aguilera, Bar No. 166579
300 South Grand Avenue
Twenty-Second Floor
Los Angeles, California 90071-3132
Telephone: +1.213-229-2500
Facsimile: +1.213-229-2501
jackie.aguilera@morganlewis.com

Attorneys for Defendant
ABB/CON-CISE OPTICAL GROUP LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AR'MANEY LEWIS, individually, and on behalf of other members of the general public similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ABB OPTICAL GROUP LLC, an unknown business entity; ABB CON-CISE OPTICAL GROUP LLC, an unknown business entity; and DOES 1 through 100, inclusive<br><br>Defendants. | Case No. 4:19-CV-02311-HSG<br><br>**DEFENDANT ABB/CON-CISE OPTICAL GROUP LLC'S NOTICE OF MOTION AND MOTION FOR LEAVE TO AMEND NOTICE OF REMOVAL**<br><br>Date: October 31, 2019<br>Time: 2:00 p.m.<br>Courtroom: 2, 4th Floor<br>Judge: Hon. Haywood S. Gilliam, Jr. |

## NOTICE OF MOTION FOR LEAVE TO AMEND NOTICE OF REMOVAL

PLEASE TAKE NOTICE that on October 31, 2019, at 2:00 p.m., or as soon thereafter as counsel and the parties may be heard in the courtroom of the Honorable Haywood S. Gilliam, Jr., located at the Oakland Courthouse, Courtroom 2, 4th Floor, 1301 Clay Street, Oakland, CA 94612, Defendant ABB/Con-Cise Optical Group LLC ("Defendant" or "ABB") will and hereby does move the Court, under 28 U.S.C. § 1653, for an Order granting ABB leave to file an Amended Notice of Removal in the form attached to the Declaration of Christopher J. Banks, Esq., as Exhibit A, in the above-captioned proceeding.

"Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts." 28 U.S.C. § 1653. The ability to amend a pleading to correct a defective allegation of jurisdiction applies to a notice of removal. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 858 (9th Cir. 2001) (agreeing defendant can cure defective diversity jurisdiction allegations by amending notice of removal); *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (allowing party to amend a pleading to cure technical defects regarding diversity jurisdiction allegations); *Zhang v. Saks Inc.*, No. C-09-4447 EMC, 2009 WL 5125815, *1 (N.D. Cal. Dec. 21, 2009) (permitting amendment of notice of removal to cure defective allegations regarding citizenship).

Here, Defendant ABB/Con-Cise Optical Group LLC seeks leave to amend its Notice of Removal to correct and clarify any misleading and inadvertent statements relating to allegations of diversity jurisdiction. Such amendments are even permissible beyond the thirty-day window under 28 U.S.C. § 1446(b). *Barrow Development Co. v. Fulton Ins. Co.*, 418 F.2d 316, 317 (9th Cir. 1969) ("However, since removal must be effected by a defendant within 30 days after receiving a copy of the complaint (28 U.S.C. § 1446), the removal petition cannot be thereafter amended to add allegations of substance but solely to clarify 'defective' allegations of jurisdiction previously made."); *see also Kacludis v. GTE Sprint Commc'ns Corp.*, 806 F.Supp. 866, 869 (N.D. Cal. 1992) ("[D]efects in form of a removal petition are amendable at any time, not just within the original 30-day period for removal," including amendments to defective jurisdictional allegations); *Alexander v. FedEx Ground Package System, Inc.*, No. C 05-0038 MHP, 2005 WL 701601, at *2 (N.D. Cal. Mar. 25, 2005) ("After the thirty-day removal period, case law indicates

Morgan, Lewis &
Bockius LLP
Attorneys at Law
San Francisco

1   Case No. 4:19-CV-02311-HSG
DEFENDANT ABB/CON-CISE OPTICAL GROUP LLC'S NOTICE OF MOTION AND MOTION FOR LEAVE TO AMEND

that the notice may be amended 'only to set out more specifically the grounds for removal that already have been stated, albeit imperfectly, in the original notice.'") (quoting C. WRIGHT, A. MILLER & M. KANE, Federal Practice & Procedure § 3733 at 358 (3d ed.1998)); *Pool v. F. Hoffman-La Roche, Ltd.*, No. 19-cv-01005-EMC, 2019 WL 2009117, *4-5 (N.D. Cal. May 7, 2019) ("[Section] 1653 on its face does not put any time limits on amendment . . . [and its] liberal amendment rule permits . . . [amendment] . . . even as late as on appeal.") (internal quotations omitted).

Amendment here is proper because ABB intends only to amend its Notice of Removal to address defects related to diversity jurisdiction, and not as an attempt to introduce new arguments that jurisdiction exists based on a federal question or some different statutory basis for jurisdiction. *See ARCO Envtl. Remediation, L.L.C. v. Dept. of Health and Envtl. Quality of Montana*, 213 F.3d 1108, 1117 (9th Cir. 2000) (a defendant may amend the Notice of Removal after the thirty day window has closed if done so to correct a defective allegation of jurisdiction and not in order to add a separate basis for removal jurisdiction).

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2                                      Case No. 4:19-CV-02311-HSG
DEFENDANT ABB/CON-CISE OPTICAL GROUP LLC'S NOTICE OF MOTION AND MOTION FOR LEAVE TO AMEND

## MOTION FOR LEAVE TO AMEND NOTICE OF REMOVAL

## I.  INTRODUCTION

ABB/Con-Cise Optical Group LLC ("ABB" or "Defendant") respectfully requests the Court grant ABB leave to amend its Notice of Removal (Dkt. 1) in order to correct a technically deficient jurisdictional allegation. Plaintiff contends that ABB's Notice of Removal based upon diversity of citizenship jurisdiction is defective because ABB stated that "Plaintiff caused the Summons and Complaint to be served on ABB/CON-CISE Optical Group LLC and ABB Optical Group LLC," and that by making such a statement, admits the existence of "ABB Optical Group LLC." Further, Plaintiff's Motion to Remand (Dkt. 21) and Reply brief in support thereof (Dkt. 28) contend that ABB's statement that Plaintiff "caused the Summons and Complaint to be served on … ABB Optical Group LLC" is enough to defeat minimal diversity and preclude this Court form exerting jurisdiction over this matter, because "ABB Optical Group LLC" did not join the Notice of Removal.

Plaintiff is mistaken that such a deficiency is enough to warrant remand. *See Jacobs v. Patent Enforcement Fund, Inc.*, 230 F.3d 565, 568 n. 3 (2d Cir.2000) ("[A]n inadequate pleading does not in itself constitute an actual defect of federal jurisdiction"). Here, ABB clarified in is Opposition to Plaintiff's Motion to Remand ("Remand Opposition") that there is no entity called "ABB Optical Group LLC" that exists as far as ABB knows and has been able to determine from its own records and public records, and certainly that there is no such entity that exists that has any affiliation with ABB or that operates at ABB's offices, where the entity was purportedly served. (Dkt. 24). The only use of a similar name that ABB is aware of is ABB's use of the fictitious business name "ABB Optical Group" (but not "ABB Optical Group LLC") in Florida and certain counties in California; however, that is a fictitious name only and not a separate business. (*Id.*).

Although ABB strongly maintains that its Notice of Removal meets all requirements under 28 U.S.C. § 1332(a), the clarifications made in ABB's Remand Opposition constitute a sufficient *de facto* amendment ABB's Notice of Removal, to the extent any such amendment is necessary. *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 n.2 (9th Cir. 2002) (district courts may

construe a defendant's opposition papers as an amendment to its notice of removal); *Willingham v. Morgan*, 395 U.S. 402, 407 (1969) ("it is proper to treat the removal petition as if it had been amended to include the relevant information contained in the later-filed affidavits")). Nevertheless, should the Court be concerned about the wording used in ABB's Notice of Removal, ABB respectfully requests, out of an abundance of caution, leave from the Court to amend its Notice of Removal to cure the alleged technical defects. ABB has attached a [Proposed] Amended Notice of Removal and a redlined copy of the [Proposed] Amended Notice of Removal showing the changes from the original Notice of Removal as Exhibits A and B, respectively, to the Declaration of Christopher J. Banks ("Banks Decl."), ¶¶ 2-3.

## II. ARGUMENT

Title 28, United States Code Section 1653 provides that "[d]efective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts." 28 U.S.C. § 1653. The ability to amend a pleading to correct a defective allegation of jurisdiction applies to a notice of removal. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 858 (9th Cir. 2001) (agreeing defendant can cure defective diversity jurisdiction allegations by amending notice of removal); *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (allowing party to amend a pleading to cure technical defects regarding diversity jurisdiction allegations); *Zhang v. Saks Inc.*, No. C-09-4447 EMC, 2009 WL 5125815, *1 (N.D. Cal. Dec. 21, 2009) (permitting amendment of notice of removal to cure defective allegations regarding citizenship). Amending a Notice of Removal is also permissible beyond the thirty-day window under 28 U.S.C. § 1446(b) if done to correct a defective allegation of jurisdiction, although such an exception is not necessary here, where ABB's Motion for Leave to Amend is being filed within thirty (30) days of the filing of Plaintiff's Motion to Remand. *Barrow Development Co. v. Fulton Ins. Co.*, 418 F.2d 316, 317 (9th Cir. 1969) ("However, since removal must be effected by a defendant within 30 days after receiving a copy of the complaint (28 U.S.C. § 1446), the removal petition cannot be thereafter amended to add allegations of substance but solely to clarify 'defective' allegations of jurisdiction previously made."); *see also Kacludis v. GTE Sprint Commc'ns Corp.*, 806 F.Supp. 866, 869 (N.D. Cal. 1992) ("[D]efects in form of a removal petition are amendable at any time, not just within the

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2                                   Case No. 4:19-CV-02311-HSG
DEFENDANT ABB/CON-CISE OPTICAL GROUP LLC'S NOTICE OF MOTION AND MOTION FOR LEAVE TO AMEND

1   original 30-day period for removal," including amendments to defective jurisdictional

2   allegations); *Alexander v. FedEx Ground Package System, Inc.*, No. C 05-0038 MHP, 2005 WL

3   701601, at *2 (N.D. Cal. Mar. 25, 2005) ("After the thirty-day removal period, case law indicates

4   that the notice may be amended 'only to set out more specifically the grounds for removal that

5   already have been stated, albeit imperfectly, in the original notice.'") (quoting C. WRIGHT, A.

6   MILLER & M. KANE, Federal Practice & Procedure § 3733 at 358 (3d ed.1998)); *Pool v. F.*

7   *Hoffman-La Roche, Ltd.*, No. 19-cv-01005-EMC, 2019 WL 2009117, *4-5 (N.D. Cal. May 7,

8   2019) ("[Section] 1653 on its face does not put any time limits on amendment . . . [and its] liberal

9   amendment rule permits . . . [amendment] . . . even as late as on appeal.") (internal quotations

10  omitted).

11       Here, ABB intends only to correct and clarify any misleading and inadvertent statements

12  that the alleged entity "ABB Optical Group LLC" exists—which it does not—and thus affirm that

13  complete diversity exists between the actual parties and that ABB Optical Group LLC—which,

14  again, does not exist—could not join the Notice.  ABB's statement regarding the service of the

15  Complaint and Summons upon "ABB Optical Group LLC" is, if anything, nothing more than an

16  inadvertent error, which ABB clarified in its Opposition brief.  There, ABB explained that "ABB

17  Optical Group LLC" does not exist within ABB's knowledge, and certainly is not affiliated with

18  or operating at ABB.  *See* Declaration of Jeannette Delgado ("Delgado Decl.") (Dkt. 26-1), ¶ 4.

19  Moreover, ABB provided evidence that the name "ABB Optical Group" is a fictitious business

20  name registered by ABB in the State of Florida and various counties in California, and is not a

21  separate company.  *Id.*, ¶ 5.  Any assertions otherwise as to the existence of "ABB Optical Group

22  LLC" would be outside of ABB's knowledge and foundation.  These bases should be sufficient

23  for the Court to understand that there is no entity known as "ABB Optical Group LLC," that

24  purported service of such an entity at ABB's offices would not have had any legal effect, and any

25  alleged failure by "ABB Optical Group LLC" to join in ABB's removal does not present any

26  actual barrier to the Court exerting jurisdiction over this matter.  Moreover, to the extent the

27  Court finds the allegations in ABB's Notice of Removal to be insufficient and/or defective, such

28  inadequacies are not enough to constitute a defect in federal jurisdiction, and ABB should be

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

3                                           Case No. 4:19-CV-02311-HSG
DEFENDANT ABB/CON-CISE OPTICAL GROUP LLC'S NOTICE OF MOTION AND MOTION FOR
LEAVE TO AMEND

allowed to amend its Notice to correct such allegations. *See Jacobs v. Patent Enforcement Fund, Inc.*, 230 F.3d 565, 568 n. 3 (2d Cir.2000) ("[A]n inadequate pleading does not in itself constitute an actual defect of federal jurisdiction").

The amendment proposed by ABB would seek to amend the following allegation at page 1, line 27, through page 2, line 1, that reads:

> On March 28, 2019, Plaintiff caused the Summons and Complaint to be served on ABB/CONCISE Optical Group LLC and ABB Optical Group LLC.

with the following allegations:

> On March 28, 2019, Plaintiff caused the Summons and Complaint to be served on (1) ABB/CONCISE Optical Group LLC and (2) purportedly on ABB Optical Group LLC. However, no entity called "ABB Optical Group LLC" operates at the address served by Plaintiff. Indeed, to the best of ABB's knowledge, no entity called "ABB Optical Group LLC" exists at all. Certainly, no such entity exists that has any affiliation with ABB or that operates at ABB's offices, where the entity was purportedly served. ABB does use of the fictitious business name "ABB Optical Group" (but not "ABB Optical Group LLC") in certain locations; however, that is a fictitious name only and not a separate entity.

It is proper to allow ABB to amend its Notice of Removal because ABB's Notice alleged jurisdiction existed based on diversity of citizenship and that the minimum requisite amount in controversy has been met. ABB is not attempting to argue that jurisdiction exists based on a federal question or some different statutory basis for jurisdiction; rather, ABB has consistently asserted that diversity jurisdiction exists under Section 1332(a) and merely wishes to clarify any technical defects in its Notice to Remove to assure the Court that jurisdiction is appropriate under Section 1332(a). *See ARCO Envtl. Remediation, L.L.C. v. Dept. of Health and Envtl. Quality of Montana*, 213 F.3d 1108, 1117 (9th Cir. 2000) (a defendant may amend the Notice of Removal after the thirty day window has closed if done so to correct a defective allegation of jurisdiction and not in order to add a separate basis for removal jurisdiction).

ABB asked opposing counsel whether Plaintiff would stipulate to granting leave for this amendment, but opposing counsel did not respond before this Motion would need to be filed in order to be filed within thirty (30) days' filing of Plaintiff's Motion for Remand. Banks Decl., ¶

4, Exh. C.

## III. CONCLUSION

For all the foregoing reasons, ABB requests the Court grant ABB leave to amend its Notice of Removal.

Dated: June 28, 2019

MORGAN, LEWIS & BOCKIUS LLP

By  */s/ Christopher J. Banks*
Christopher J. Banks
Jacqueline Cookerly Aguilera
Karen Y. Cho
Maureen N. Beckley

Attorneys for Defendant
ABB/CON-CISE OPTICAL GROUP LLC

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

5   Case No. 4:19-CV-02311-HSG
DEFENDANT ABB/CON-CISE OPTICAL GROUP LLC'S NOTICE OF MOTION AND MOTION FOR LEAVE TO AMEND