UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AR'MANEY LEWIS,<br><br>    Plaintiff,<br><br>v.<br><br>ABB OPTICAL GROUP LLC, et al.,<br><br>    Defendants. | Case No. 19-cv-02311-HSG<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO REMAND**<br><br>Re: Dkt. No. 21 |

Plaintiff Ar'maney Lewis brings a motion to remand this case to Alameda County Superior Court. *See* Dkt. No. 21. Because there is no basis for this Court to exercise jurisdiction, the Court **GRANTS** Plaintiff's motion and **REMANDS** the case.

**I.    BACKGROUND**

On February 28, 2019, Plaintiff filed a wage and hour putative class action complaint in the Alameda County Superior Court. Dkt. No. 1-1 ("Complaint"). Plaintiff listed "ABB Optical Group LLC" and "ABB Con-Cise Optical Group LLC" as Defendants. *Id.* ¶ 6–8. Plaintiff was employed by Defendants as an hourly, non-exempt employee in California from approximately November 2016 to February 2017. *Id.* ¶ 18. The putative class was comprised of: "All current and former hourly-paid or non-exempt employees who worked for any of the Defendants within the State of California at any time during the period from four years preceding the filing of this Complaint to final judgment." *Id.* ¶ 14. Plaintiff asserts that Defendant "engaged in pattern and practice of wage abuse against their hourly-paid or non-exempt employees within the State of California. This pattern and practice involved, *inter alia*, failing to pay them for all regular and/or overtime wages earned and for missed meal periods and rest breaks . . . ." *Id.* ¶ 26. Plaintiff additionally alleges that Defendants violated sections of the California Labor Code by failing to provide uninterrupted meal and rest periods, pay the minimum wage, pay wages owed at discharge

or resignation, provide complete or accurate wage statements, keep complete or accurate payroll records, and reimburse all necessary business-related expenses, among other violations. *Id.* ¶¶ 38–46.

Plaintiff asserts ten causes of action for violations of: (1) California Labor Code sections 510 and 1198 (unpaid overtime); (2) California Labor Code sections 226.7 and 512(a) (unpaid meal period premiums); (3) California Labor Code section 226.7 (unpaid rest period premiums); (4) California Labor Code sections 1194, 1197, and 1197.1 (unpaid minimum wages); (5) California Labor Code sections 201 and 202 (final wages not timely paid); (6) California Labor Code section 204 (wages not timely paid during employment); (7) California Labor Code section 226(a) (non-compliant wage statements); (8) California Labor Code sections 1174(d) (failure to keep required payroll records); (9) California Labor Code sections 2800 and 2802 (unreimbursed business expenses); and (10) California Business and Professional Code section 17200 (Unfair Competition Law, "UCL"). *Id.* at 1.

Defendant ABB Con-Cise Optical Group LLC removed this case to federal court on April 29, 2019, claiming that this Court has diversity jurisdiction under 28 U.S.C. § 1332.[1] On May 21, 2019, the parties stipulated to the dismissal of Plaintiff's sixth cause of action for failure to timely pay wages in violation of California Labor Code section 204, eighth cause of action for failure to keep accurate and complete payroll records in violation of California Labor Code section 1174(d), and request for injunctive relief under California Business and Professional Code section 17200. Dkt. No. 14. The Court granted the parties' stipulation. Dkt. No. 19. Defendant concurrently filed a motion to dismiss. Dkt. No. 15. On May 29, 2019, Plaintiff filed the motion to remand to state court, Dkt. No. 21, and on June 28, 2019, Defendant filed a motion for leave to amend notice of removal, Dkt. No. 29. The Court held a hearing on the motion to remand on October 3, 2019. Dkt. No. 42.

## II. LEGAL STANDARD

"Except as otherwise expressly provided by Act of Congress, any civil action brought in a

---

[1] Defendant did not allege subject matter jurisdiction on the basis of Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d).

2

State court of which the district courts of the United States have original jurisdiction, may be removed" to federal court. 28 U.S.C. § 1441(a). District courts have "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States. 28 U.S.C § 1332. Where "the complaint does not demand a dollar amount, the removing defendant bears the burden of proving by a preponderance of evidence that the amount in controversy exceeds $[75],000." *Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005), *as amended on* (Feb. 13, 2006) (alteration in original) (quoting *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 376 (9th Cir. 1997)). "The amount in controversy includes the amount of damages in dispute, as well as attorney's fees, if authorized by statute or contract." *Id.* The Court must determine whether it is "facially apparent" from the complaint that the jurisdictional amount has been satisfied. *Singer*, 116 F.3d at 377.

A plaintiff may seek remand to state court if the district court lacks jurisdiction. 28 U.S.C. § 1447(c). On a motion to remand, the removing party bears the burden of establishing that removal is proper. *See Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 683–85 (9th Cir. 2006). There is a strong presumption in favor of remand and doubts about removability are resolved in favor of remanding the case to state court. *See Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (holding that "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance").

**III. DISCUSSION**

Plaintiff argues the case must be remanded to state court because Defendant failed to meet its burden to show the amount in controversy exceeds $75,000. Dkt. No. 21 at 7. Specifically, Plaintiff notes that Defendant estimated less than $7,000 in unpaid wages and penalties and relied on $90,000 in attorney's fees to meet the requirement. *Id.* at 12–16. The Court agrees that Defendant has not met its burden to show that the amount in controversy exceeds $75,000. Additionally, because resolution of this issue is dispositive, the Court does not reach Plaintiff's other arguments for remand or any of Defendant's other motions.

Using the claims and allegations raised by Plaintiff in the Complaint, Defendant proffered

3

the following estimates to meet the amount in controversy requirement: $1,023.75 potential recovery for Plaintiff's overtime claim (assuming three quarters of an hour overtime per day during the fourteen weeks of employment at a $19.50 overtime rate); $1,820.00 potential recovery for Plaintiff's meal and rest break claim (assuming five denied meal periods and rest periods per week of employment); $3,120.00 potential recovery for failure to timely pay wages at termination (statutory penalties up to thirty day maximum under section 203); $650 potential recovery for failure to provide wage statements (statutory penalties for seven potentially unprovided wage statements); and $90,000 in attorneys' fees (estimating a billing rate of $450 per hour and two hundred hours of attorney time spent on the case). Dkt. No. 1 at 6–12.

The Court finds that Defendant has failed to show by a preponderance of the evidence that attorneys' fees for a single-plaintiff wage and hour suit alleging less than $7,000 in damages would add up to $90,000. Although the Court may consider a "reasonable estimate of [authorized] attorneys' fees likely to be expended," *Lippold v. Godiva Chocolatier, Inc.*, No. C 10-00421 SI, 2010 WL 1526441, at *3 (N.D. Cal. Apr. 15, 2010), Defendant offers very little to explain why $90,000 is reasonable. Defendant cites various cases to argue that two hundred attorney hours is a reasonable estimate for such an action, but the cases range from considering one hundred hours to be a conservative estimate, to awarding only sixty-two hours' worth of work because the remaining hours were unsubstantiated, to awarding over four hundred hours' worth of attorneys' fees. *Compare id.* at *4 *with Egelhoff v. Pac. Lightwave*, No. CV-1204745-RGK-DTBX, 2013 WL 12125913, at *3 (C.D. Cal. Nov. 20, 2013) *and Park v. Joong-Ang Daily News California Inc.*, No. BC 508362, 2016 WL 363171, at *3 (Cal. Supp. Jan. 7, 2016). Defendant makes no effort to explain why the facts of these cases are like the facts and claims at issue in this case. Nor does Defendant focus on the statutory bases for attorneys' fees given Plaintiff's claims, or explain why the work on only those claims would require two hundred hours. *See Fritsch v. Swift Transportation Co. of Arizona, LLC*, 899 F.3d 785, 796 (9th Cir. 2018) (highlighting that "a court's calculation of future attorneys' fees is limited by the applicable contractual or statutory requirements that allow fee-shifting in the first place."). As noted in *Fritsch*, certain claims alleged in the Complaint do "not allow recovery of attorneys' fees for legal work." *Id.* (citing

4

*Kirby v. Immoos Fire Prot., Inc.*, 274 P.3d 1160 (Cal. 2012) (stating that the attorneys' fees shifting provisions do not apply to legal work relating to meal and rest period claims)). Instead, the Court notes that two hundred hours appears to be a rather convenient estimate, given that Defendant would fail to meet the minimum $75,000 threshold if it had used the more conservative one hundred hour estimate cited in other comparable removal cases. *See, e.g.*, *Lippold*, 2010 WL 1526441, at *3; *Cagle v. C & S Wholesale Grocers, Inc.*, No. 2:13-CV-02134-MCE, 2014 WL 651923, at *11 (E.D. Cal. Feb. 19, 2014).

## IV. CONCLUSION

The Court must remand "if there is any doubt as to the right of removal in the first instance." *Gaus*, 980 F.2d at 566. Accordingly, the Court **GRANTS** Plaintiff's motion to remand, finding that Defendant has not met its burden to show that there is at least $75,000 in controversy. In addition, because this Court does not have jurisdiction, the Clerk is **DIRECTED** to terminate Defendant's motions to dismiss and for leave to amend its notice of removal, *see* Dkt. Nos. 15, 29, and to remand this case to Alameda County Superior Court.

**IT IS SO ORDERED.**

Dated: 10/10/2019

HAYWOOD S. GILLIAM, JR.
United States District Judge